SIMON F. WILLIAMS. *v.* JOHN E. WILLIAMS.

CERTIORARI: TO REVIEW JUDGMENT OF JUSTICE OF THE PEACE, NOT ALLOWABLE AFTER A FORMER ONE HAS BEEN DISMISSED.—The dismissal of a writ of *certiorari*, granted for the purpose of reviewing in the Circuit Court, a judgment of a justice of the peace, is a bar to the granting of a new writ of the same character to the same party.

IN error from the Circuit Court of Rankin county. Hon. John Watts, judge.

*George L. Potter*, for plaintiff in error.

*W. P. Harris*, for defendant in error.

HANDY, J., delivered the opinion of the court.

It appears by the record that a judgment was rendered by a justice of the peace against the plaintiff in error, on the 26th March, 1856, from which he took an appeal to the Circuit Court to the following April term, and that the appeal was, on motion of the plaintiff in the judgment, dismissed, on the ground that the transcript was not filed in that court on the first day of the term. On the 23d June, 1856, a *certiorari* was issued, upon fiat of a judge authorized by law to award it, returnable to the following October term;

and at that term it was dismissed, "on suggestion" of the defendant; but what was the ground of the suggestion does not appear. Afterwards, and on the 27th October, 1856, a second writ of *certiorari* was awarded and issued, returnable to the April term, 1857, at which time a motion was made to dismiss it, because of the two dismissals at the previous terms, which motion was overruled; and on motion of the defendant in the judgment, the court quashed the attachment on which it was rendered.

The question is, whether, after the dismissal of the first writ of *certiorari*, it was proper to entertain another writ of the same character; and we are of opinion that it was not. If the decision of the court in dismissing the first writ was correct, it was the fault of the party who had obtained the writ that he did not prosecute it with effect; and having failed to do so, it is against the policy of the law that he should be allowed to prosecute a second writ for the same purpose. And if he might do that, he might prosecute a third, a fourth, or any number of writs, and thereby delay the plaintiff of the fruits of his judgment indefinitely. It is true that a plaintiff has the right to dismiss his original suit, and commence a new action. But this rule does not apply to writs of error; because the effect of such a writ is to prevent the plaintiff from enforcing his judgment; and after having unsuccessfully prosecuted one writ, a party is not to be permitted to delay the plaintiff further in his judgment; for, upon that rule, there would be no end to the litigation.

But if there was error to the party's prejudice in dismissing the writ, the remedy was by writ of error or appeal to this court.

The judgment overruling the motion to dismiss the writ of *certiorari* and quashing the attachment is, therefore, erroneous, and is reversed, and the writ of *certiorari* is dismissed.